## HOPPING et v SULLIVAN

Ohio Appeals, 2nd Dist, Montgomery Co

No 1218.   Decided Jan 31, 1934

152

Shank & List, Dayton, for plaintiff in error.

Baggott & Baggott, Dayton, and Crawford & Magsig, Dayton, for defendant in error.

## OPINION

By BARNES, J.

The above entitled cause is now being determined on proceedings in error from the judgment of the Common Pleas Court of Montgomery County, Ohio. The parties appeared in reverse order in the court below and for convenience will be so referred to in this opinion, that is, Sullivan, plaintiff and Hopping et, defendants.

Very able and helpful briefs have been presented by counsel representing the respective parties.

In the court below, plaintiff Sullivan through his petition against the defendant Everett Hopping sought judgment in the sum of $5000.00 by way of damages for alleged assault.

Accompanying the petition was an affidavit for attachment. At a later date Mary E. Hopping was made party defendant on application of counsel for defendant, Everett Hopping on the claimed theory that by virtue of a proceedings in divorce then pending between her and the said Everett Hopping wherein an injunction had issued granting disposition of property and thereby she had such an interest in the real estate attached to make her a necessary party in this action.

While duly summoned she never filed answer or other pleading.

On the return of the verdict by the jury under a direction of the court the language was changed so as to read "verdict against defendants" intending thereby to have the verdict returned against Mary Hopping as well as Everett Hopping. This action of the court is complained of as one of the grounds of error. Counsel for plaintiff concede that no judgment should have been entered against Mary Hopping and we find among the papers an entry approved by counsel dismissing the judgment against Mary Hopping. Thereby she is eliminated from the case and no further comment is necessary by this court.

Everett Hopping filed answer but as originally prepared it raised no issue denying plaintiff's right to recover. There was an issue as to the amount of recovery.

During the taking of evidence defendant obtained leave to amend at bar wherein he set out a claim of self-defense.

Plaintiff in his petition makes the claim that on December 1, 1931 at about 10 o'clock P. M. as he was leaving the home of his neighbor Robert Thompson, the defendant struck him on the right side of his head with a black jack or some similar instrument; that his head was cut open and that he suffered a concussion of the brain and that the injury was of such serious consequence that plaintiff was immediately removed to the hospital; that he remained in the hospital about two days where he received treatment and then was returned to his home. Two days later he was again taken to the hospital for treatment and remained there for eight days. The petition sets out in some detail the nature and extent of the injuries and further claims that his injuries are of a permanent nature. There is also the claim of loss of position, diminution of earning power, etc.

The case was tried to a court and jury in April 1933 and resulted in a verdict for the plaintiff in the sum of $500.

Motion for new trial was filed and overruled and judgment entered on the verdict. The petition in error sets out nine separate grounds as follows:

(1) The court erred in overruling motion of said plaintiff in error, Everett Hopping for a new trial.

(2) Irregularity in the proceedings of the court and abuse of discretion by which plaintiffs in error were prevented from having a fair trial.

(3) The verdict of the jury is excessive in the amount of damages and appears to have been given under the influence of passion and prejudice and is largely the result of threats and coercion on the part of the court in his charge to the jury.

(4) The verdict is not sustained by sufficient evidence and is contrary to law.

(5) Errors of the court in the exclusion and admission of · evidence, which errors operated to the prejudice of the plaintiffs in error.

(6) Error of the court in depriving plaintiff in error of the right and opportunity to submit all their legal defenses to the petition.

(7) Errors of the court in his charge to the jury and in refusing to charge as requested by plaintiff in error, Everett Hopping to which refusal to charge plaintiff in error, Everett Hopping, excepted.

(9) For error of the court in awarding a joint judgment for defendants below, Mary E. Hopping and Everett Hopping when there was no judgment asked in the petition against defendant below, Mary Hopping and no cause of action was even asserted or claimed against defendant below, Mary E. Hopping.

(9) For all other errors of law occurring at the trial to which as well as to the errors above mentioned, plaintiff in error Everett Hopping at the time excepted and which errors operated to the prejudice of plaintiff in error.

These several grounds of error are so general in their character and interwoven one with the other that it is not practical to take them up separately. They are not so discussed in the briefs and we find it will be more satisfactory to follow the line of discussion as set out in the briefs.

Counsel for Hopping complain that the trial court was in error in refusing to admit testimony that the defendant Hopping on the night in question looked through the widow at his son-in-law's home and there saw Sullivan kissing and hugging his wife. The trial court excluded this evidence upon the theory that it met no issue in the case. There was the allegation in the petition that the assault was committed maliciously and this allegation would present an element for punitive damages. It is passing strange, but we find that defendant in his answer failed to deny this allegation of malice. There is a paragraph in the answer wherein the defendant said that while plaintiff was at the home of Robert Thompson he was drinking and among other things was hugging and kissing the wife of defendant. This allegation in the answer standing alone means nothing. If the answer had contained any further averment in effect that this conduct observed by him through the window had so incensed him as to make his actions beyond his control or some similar averment either directly or indirectly meeting the issue of malice, then we think the failure to admit this evidence would have been error.

There is not only the failure of averments putting in issue the allegation of malice, but the defendant relies wholly on the claim of self-defense. Looking at the evidence on this issue of self-defense there is such a failure of any direct evidence or circumstances to support the claim that it may be said that there is not the scintilla of evidence. The only semblance of evidence on this question was presented by the defendant Hopping. He says that as he was looking in the window he thought Sullivan saw him and as Sullivan at that time arose to leave the room at the front door, he, Hopping, left his position at the side window and went around to the front, both reaching the walk to the gate at the same time. Hopping says it was very dark, and that he does not know whether or not Sullivan saw him. He hit Sullivan· on the right side of his head from. the back. He says he thought Sullivan was raising his hand but does not know. According to the evidence Hopping is a very strong and active man. There was not a word spoken by either. From all this evidence there can not arise the inference that Hopping thought he was in any eminent danger of being struck and thereafter used only such force as he thought necessary to prevent injury to himself. Of course, the plea of self-defense would inferentially deny malice, but being an affirmative defense when it fails it would no longer traverse the issue of malice. We recognize the application of the principle as set out in the case of State v Burns, 44 A.L.R. 848 wherein it is stated that evidence of a lascivious aggres-

sion may be admitted in support of the plea of self-defense but they must be connected up so as to indicate a causable connection. Under any circumstances the issue of malice only goes to the question of punitive damages. Compensatory damages are recoverable without proof of malice either express or implied.

Simpson v McCafferty, 13 O., 522.

Telegraph Co. v Smith, 64 Oh St, 116.

Henn v Horn, 56 Oh St, 442.

Mahoning Valley R. R. Co. v De Pascale, 70 Oh St, 179.

Menninger v Taylor, 30 L.C.C., 799.

Furniture Co. v Weese, 23 C.C. (N.S.) 288.

Globe Insurance Co. v. Sherlock, 25 Oh St, 50.

16 A.L.R., 816.

Under the issue of the pleadings we are unable to find that the trial court was in error in its rejection or refusal to admit testimony.

Complaint is made in the brief that the court was in error in admitting the testimony of the arrest and conviction of the defendant in Municipal Court. An examination of the records will disclose that no objection was made to the presentation of this testimony but on the other hand counsel by stipulation agreed to the fact of conviction. It is quite true that this evidence would not have been competent if objected to, but under the state of the record there is no ground of error. The trial court did not remember the evidence correctly wherein he stated to the jury that there was some evidence of a plea of guilty before the magistrate. The record discloses that there was a trial and not a plea of guilty. The instruction of the court to the jury that the plea of guilty was proper evidence that the assault in the case was not justifiable and that defendant did not act in defense while a proper statement of the law if the defendant had plead guilty yet is erroneous in view of the fact that the court was wrong in his premise. This would be prejudicial had the defendant presented any evidence warranting the conclusion that he had acted in self-defense.

Complaint is also made as to the court's charge relative to punitive damages. This part of the charge will be found at page 90 of the record and follows the very clear and correct statement of the law on compensatory damages. The part objected to reads as follows:

"In addition the plaintiff would be entitled to punitive damages. In cases where malice is an element the plaintiff is entitled to punitive damages. That is for two purposes: 1st, to punish the defendant for his act, and 2nd, to act as a warning to others not to do likewise. There is no rule to fix the amount. It is determined from the facts and circumstances in the case. In addition to punitive damages you have a right to allow the plaintiff reasonable attorney's fees."

We think the court was in error in making the statement to the jury that the plaintiff "would be entitled to punitive damages." The jury should have been instructed that it was within their discretion to allow or withhold punitive damages. Roberts v Mason, 10 Oh St, 282.

It is proper to say that the damaging effect of this error was somewhat minimized in the following language of the court:

"There is no rule to fix the amount. It is determined from the facts and circumstances in the case."

The charge of the court relative to allowance of attorney fees was a correct statement of the law.

After a very careful analysis of the pleadings and the record, we find no prejudicial error unless it be the instruction of the court that the plaintiff would be entitled to punitive damages. Ordinarily the presumption would follow that the jury followed the instruction and allowed punitive damages. The error would not be in the allowance but rather in the instruction of the court that plaintiff was entitled thereto. The case of Globe Insurance Co. v Sherlock, 25 Oh St, 50 is in support of defendants contention that the instruction was prejudicial even though the weight of the evidence might seem to support the allowance of nothing more than compensatory damages. Menninger v Taylor, 30 O.C.C., 719 is also in point.

Sec 11364 GC as amended in 1911 should be considered as an aid in determining what action this court should take. This is the section of the Code directing that errors are to be disregarded where substantial justice has been done. Considering the instant case in the light of this section of the Code, we find that the verdict of the jury was only $500.00. The injury inflicted was very severe including concussion of the brain requiring hospitalization for a period of 8 to 10 days. The after effects of the injury were fully established and were severe. Loss of employment followed and while it is possibly true that business depression would

finally have occasioned the same loss, it was not the condition existing immediately following the assault. The jury might properly have considered and allowed attorney fees. It was proper for them to consider and allow for pain and suffering. It occurs to us that the verdict of $500.00 would be small even if we only consider compensatory damages. It is not as large as is usually allowed for similar injuries. Under this analysis we think substantial justice has been done. Had the verdict been in such an amount as would lead to the conclusion that the jury had allowed substantial punitive damages we would then feel compelled to set the verdict aside and award a new trial. A new trial could not properly avoid a recovery by the plaintiff. Following the provisions of §11364 GC, we certify that in our opinion substantial justice has been done and therefore the petition in error will be dismissed at costs of plaintiff in error. Exceptions will be allowed.

HORNBECK, PJ, and KUNKLE, J, concur.