SEARS ET AL., APPELLEES, *v.* HOLLY, D. B. A. HOLLY'S
AUTO SALES, APPELLANT.

(No. 565—Decided May 23, 1960.)

*Mr. Townsend Foster, Jr.,* for appellees.
*Mr. Forrest L. Blankenship,* for appellant.

Kerns, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Miami County, Ohio.

The plaintiffs' petition explains the nature of the controversy and alleges as follows:

"1. On or about March 10, 1958, defendant sold and delivered to plaintiffs a 1958 Edsel Citation two-door hardtop automobile (manufacturer's serial No. X8SW 710035) for a price of thirty-five hundred dollars ($3,500). At the time plaintiffs purchased said automobile, defendant told plaintiffs that the automobile was a demonstrator and that it had never been involved in any automobile accident or collision.

"2. Said representations were false, and defendant knew they were false, in that said automobile had been involved in a collision with another automobile and had been greatly damaged, as defendant well knew.

"3. Defendant made said false representations in reply to inquiries by plaintiffs, with the intention that plaintiffs rely upon them, and to induce plaintiffs to purchase said automobile.

"4. Plaintiffs relied upon defendant's false representations (believing them to be true) and were thereby induced to purchase said automobile. Plaintiffs would not have purchased the automobile if they had known it had been damaged in a collision with another automobile.

"5. By reason of its having been involved in a collision with another automobile, the automobile which plaintiffs purchased was worth fifteen hundred dollars ($1,500) less than it would have been worth if it had not been involved in a collision with another automobile, as defendant represented."

The defendant's answer generally denies the allegations of the petition, and the case was tried to a jury which awarded the plaintiffs, appellees herein, $550 as compensatory damages and $550 as punitive damages.

Nine errors have been assigned, the majority of which are directed to the record generally and all of which are argued collectively in the brief of the defendant, appellant herein. After an examination of each, we are concerned with assignment of error No. six relating to the special charge on the subject of punitive damages.

The allowance of punitive damages in a proper case is not

open to question in Ohio. 16 Ohio Jurisprudence (2d), 281, Section 145. However, there is a division in authority as to whether there must be actual malice upon the part of a defendant or merely legal malice in order to justify punitive damages. 16 Ohio Jurisprudence (2d), 286, Section 150. The Supreme Court, although pointing out that the question of punitive damages may not ordinarily be submitted to a jury in the absence of actual malice, has held, nevertheless, that legal malice is sufficient to justify an award of punitive damages in an alienation of affections action. *Smithhisler* v. *Dutter*, 157 Ohio St., 454. The same court has held that actual malice must be shown in an action for malicious prosecution. *Davis* v. *Tunison*, 168 Ohio St., 471; *Pickle* v. *Swinehart*, 170 Ohio St., 441. The rule as to malice in tort actions was stated as follows in the dissenting opinion by Judge Hart in the case of *Saberton* v. *Greenwald*, 146 Ohio St., 414:

"This court has, over the years, recognized the propriety of submitting to a jury the question of the assessment of punitive damages in certain tort cases where the defendant's wrongdoing has been intentional and deliberate, or has the character of outrage frequently associated with crime. Not all tort actions are of such a character as to warrant the assessment of punitive damages. Generally the application of the doctrine is confined to cases where there is involved actual malice, interference with marital relations, or wanton personal injury, such as in cases of seduction, assault and battery, false imprisonment, or wrongful expulsion from public passenger vehicles or places of public entertainment."

The rule as so stated received favor in the *Smithhisler case*, *supra*, and was further recognized in the case of *Waters* v. *Novak*, 94 Ohio App., 347, where the court held that actual malice was necessary to justify an award of punitive damages in an action for fraud in the sale of real property.

In the case of *Cable* v. *Bowlus*, 21 C. C., 53, 11 C. D., 526, affirmed, 69 Ohio St., 563, the court held that punitive damages for fraud committed in the sale of mining stock could be recovered only where there was a gross or malicious fraud or something showing a very corrupt condition of affairs, but not in a bare case of fraud.

The special charge on punitive damages in the instant case reads as follows:

"If you find for the plaintiffs, you are then instructed to determine and assess the amount of damages which you consider them entitled to recover from the defendant.

"Damages in this type of case are of two kinds, compensatory and punitive. Compensatory damage is such an amount as will compensate the plaintiffs for the damage they have suffered. In the case of fraud and deceit in the sale of personal property the damage is the difference between the value of the property represented and its actual value at the time of purchase or sale.

"Punitive or exemplary damages are damages given by way of punishment of the defendant for a wrongful act, and are given when the act complained of which results in injury, was prompted by malice, and this includes a reasonable attorney fee for conducting the prosecution.

"There are two kinds of malice, express, and legal or implied. The plaintiffs are entitled to punitive damages if you find actual malice such as a spiteful disposition. However, the plaintiffs are not required to prove the existence of actual malice to recover. The plaintiffs are entitled to punitive damages in an action for fraud where there is legal or implied malice. To show legal or implied malice the plaintiffs need only show that the defendant's conduct was wrongful, unlawful and intentional, and that the natural and probable result of said conduct was to bring about the fraud.

"Therefore, if you find for the plaintiffs you are to assess compensatory damages as explained before. If you find further that the defendant in committing the fraud was prompted by malice, either express or implied, then in addition to compensatory damages you may allow punitive damages and that may include reasonable attorney fees."

In our opinion, this charge is more favorable to the plaintiffs than the facts justify and renders punitive damages inescapable in an action for fraud. Under the evidence presented, the jury may have been required to determine whether the acts and conduct of the defendant were so wanton and reckless as to constitute actual malice, but the charge as given on

punitive damages requires nothing more than was already necessary in proving the elements of a case of fraud so as to entitle the plaintiffs to compensatory damages. The justification for punitive damages, in any event, must be based on extreme and exceptional conduct. See annotation, 165 A. L. R., 615.

The charge is faulty and misleading for another reason. It says that "the plaintiffs are *entitled to punitive damages* in an action for fraud where there is legal or implied malice." This statement, without any qualifying language and without any explanation as to the theory upon which punitive damages may be awarded, is not a correct statement of law. Punitive damages are not recoverable as a matter of right, and the allowance of said damages rests within the discretion of the jury. *Hopping* v. *Sullivan,* 16 Ohio Law Abs., 151; 16 Ohio Jurisprudence (2d), 280, 330, Sections 143 and 193.

Since the only prejudicial error apparent from the record affected the jury's award of $550 in punitive damages, the plaintiffs may consent to a remittitur of that amount, in which case the judgment will be affirmed. Otherwise, the judgment will be reversed and the cause remanded to the trial court for further proceedings according to law.

*Judgment accordingly.*

WISEMAN, P. J., and CRAWFORD, J., concur.